IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 DEC 11 A 10: 47

CLERK
SO. DIST. OF GA.

SCOURTERRIOUS LOFTON,

    Plaintiff,

vs.

HUGH SMITH, Warden; STEVE
DUPREE, Unit Manager: FRED
WILSON, Counselor; JOHNNY SMITH,
Correctional Officer; KELVIN McNEAL,
Correctional Officer; ALTON MOBLEY,
Correctional Officer; TRACY SIMMONS,
Correctional Officer; TYRONE FAIR,
Correctional Officer; ROBERT MADISON,
JR., Correctional Officer; BARNIE
DASHER, JR., Correctional Officer;
JANE WEAVER, LPN; and FRED
BROWN, Deputy Warden of Security,

    Defendants.

CIVIL ACTION NO.: CV604-048

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants Tracy Simmons, Robert Madison, Tyrone Fair, Barnie Dasher, Alton Mobley, Johnny Smith, Kelvin McNeal, and Fred Wilson[1] ("Movants") filed a Motion for Summary Judgment and incorporated documents used in a previously filed Motion for Summary Judgment. Plaintiff responded, and he also incorporated documents he used

---

[1] A review of previously filed documents reveals that Plaintiff asserts that Defendant J. Smith witnessed an April 29, 2003, alleged assault and that Defendants McNeal and F. Wilson either participated in or failed to intervene in a May 13, 2003, alleged assault. Defense counsel did not move for summary judgment on behalf of Defendants J. Smith, McNeal, or F. Wilson as to these incidents. Nevertheless, the undersigned determines that Plaintiff's allegations against these three Defendants should be addressed.

in previously filed pleadings. For the following reasons, Movants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that, on April 29, 2003, Defendant Simmons slapped him so hard it caused his lip to bleed as Defendant J. Smith watched. Plaintiff asserts that he was handcuffed and shackled by officers while Defendant Simmons cut him across the neck and lip on May 13, 2003, and that Defendants Dasher, Madison, Fair, Mobley, McNeal, and F. Wilson did not protect him from or intervene in this excessive use of force. Plaintiff also asserts that, on May 20, 2003, Defendant Simmons punched him in the stomach, slapped him, put a knife to Plaintiff's neck, and threatened to kill Plaintiff if he did not drop his grievances and stop causing problems. Plaintiff further asserts that Defendant Fair slapped him on the same date.

Movants contend that Plaintiff did not file a grievance pertaining to any of these incidents. Movants allege that Plaintiff's claims against them should be dismissed due to Plaintiff's failure to exhaust his available administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a

rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Movants assert that Georgia State Prison, like all Georgia Department of Corrections' facilities, has a grievance procedure in place which is widely available to all inmates. Movants allege that Plaintiff did not file or appeal to the Commissioner's Office any grievance in which he alleged that: Defendant Simmons assaulted him on April 29,

3

AO 72A
(Rev. 8/82)

2003, as Defendant J. Smith watched; Defendants Simmons, Madison, Fair, Dasher, Mobley, McNeal, and F. Wilson were involved in an alleged use of force incident against Plaintiff on May 13, 2003; or Defendants Fair and Simmons assaulted him on May 20, 2003. (Doc. No. 131, p. 3.) Accordingly, Movants contend, they are entitled to summary judgment on these claims due to Plaintiff's failure to exhaust his available administrative remedies.

Plaintiff avers that he filed Grievance Number 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 pertaining to these events. Plaintiff also avers that his grievance "was closed out at the institutional level." (Doc. No. 135, p. 5.) Plaintiff asserts that, because this grievance was closed at the institutional level, he exhausted all available administrative remedies. Plaintiff cites Miller v. Tanner, 196 F.3d 1190 (11th Cir. 1999), in support of his contentions.

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to

4

consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

The Standard Operating Procedure applicable at the time of the alleged excessive use of force incidents states that an inmate must file a grievance form "within five (5) business days from the date the inmate discovered, or reasonably should have discovered, the incident giving rise to the complaint . . . The Grievance Coordinator may waive this time period in appropriate cases for good cause shown." (Standard Operating Procedure IIB05-0001, § VI(D), ¶ 5, Doc. No. 84-17, p. 8.)

Plaintiff filed Grievance Number 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 on June 3, 2003, and he arguably alleged that he was subjected to the excessive use of force by various members of the staff at Georgia State Prison on April 29, May 13, and May 20, 2003. (Doc. No. 1-2, p. 17; Doc. No. 117, pp. 41-44.) Plaintiff's grievance was denied because he set forth non-grievable issues[2] and because his grievance was not "submitted within the time limits established by the grievance procedure. There is no indication that the time limits should be waived. This grievance will be closed at this level." (Doc. No. 1-2, p. 17.)[3]

---

[2] Plaintiff's grievance also pertained to disciplinary action procedures, which are non-grievable matters and not subject to the exhaustion requirement. (Standard Operating Procedure IIB05-0001, § VI(D), ¶ 8, Doc. No. 84-17, p. 13.)

[3] The undersigned questions the veracity of the affidavit of Sarah Draper. In her affidavit, Draper asserts that Plaintiff did not file a grievance concerning the alleged use of force incidents of April 29, May 13, and May 20, 2003. (Doc. No. 84, Ex. EE, ¶¶ 3-4.) A review of the documents filed in this case reveals that Plaintiff filed Grievance Number 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, in which Plaintiff discusses, at a minimum, the alleged assaults of May 13 and May 20, 2003. (Doc. No. 1-2, p. 17; Doc. No. 117, pp. 41-44.) Having noted this, the undersigned's determination on the issue presented in this Motion was based on evidence other than Draper's affidavit.

AO 72A
(Rev. 8/82)

The <u>Miller</u> case Plaintiff cites in support of his contentions is clearly distinguishable from the instant case. In <u>Miller</u>, the plaintiff was informed that his grievance was denied at the institutional level and that "when any grievance is terminated at the institutional level you do not have the right to appeal. The above listed grievance(s) is closed." <u>Miller</u>, 196 F.3d at 1194. The Eleventh Circuit Court of Appeals determined that Miller was told "unambiguously" that an appeal "was futile, even prohibited. In other words, appealing might be treated as insubordination and that there might be harmful consequences for disobeying the rules." <u>Id.</u> The Eleventh Circuit found that Miller exhausted his available administrative remedies. In contrast, in this case, Plaintiff was informed that his grievance was submitted outside of the time limits, there was no indication that the time limits should be waived, and that the grievance would be closed at the institutional level. Plaintiff was not informed, unambiguously or otherwise, that appealing the denial of his grievance was prohibited or futile.

The issue before the Court in the case *sub judice* is akin to that presented in <u>Johnson v. Meadows</u>, 418 F.3d 1152 (11th Cir. 2005). In <u>Johnson</u>, the plaintiff filed an untimely grievance, and his appeal was not addressed by the Commissioner's Office because the grievance was untimely. The Eleventh Circuit held that "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim." <u>Johnson</u>, 418 F.3d at 1159. Plaintiff, in the instant case, did not submit his grievance pertaining to these three (3) alleged excessive use of force incidents in a timely manner, and the five (5) day time limit was not waived. Thus, Plaintiff did not exhaust his administrative remedies pertaining to the alleged use of force incidents which occurred on April 29, May 13, and May 20, 2003.

AO 72A
(Rev. 8/82)

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Second Motion for Summary Judgement filed by Defendants Simmons, Fair, Madison, Dasher, Mobley, J. Smith, McNeal, and F. Wilson (Doc. No. 130) be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims detailing events which allegedly occurred on April 29, May 13, and May 20, 2003, be **DISMISSED**, without prejudice, as Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 11th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE