

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SCOURTERRIOUS LOFTON,

Plaintiff,

v. 604CV048

HUGH SMITH, *et al.*,

Defendants.

## ORDER

42 U.S.C. § 1983 inmate-plaintiff Scourterrious Lofton has filed various motions in conjunction with the 9/18/07 trial of his excessive-force, civil rights case against various Georgia State Prison (GSP) officials. Those GSP defendants presently include: Warden Hugh Smith; Deputy Warden of Security Fred Brown; Unit Manager Steve Dupree; Counselor Fred Wilson; LPN Jane Weaver; and Correctional Officers Johnny Smith, Alton Mobley, Tracy Simmons, Tyrone Fair, Robert Madison, Jr., and Barnie Dasher, Jr. To grasp what Lofton now seeks, it is worth pausing to recapitulate the Magistrate Judge's (MJ's) most recent summary[1] of his claims:

> Plaintiff contends that, on April 29, 2003, Defendant Simmons slapped him so hard it caused his lip to bleed as Defendant J. Smith watched. Plaintiff asserts that he was handcuffed and shackled by officers while Defendant Simmons cut him across the neck and lip on May 13, 2003, and that Defendants Dasher, Madison, Fair, Mobley, McNeal, and F. Wilson did not protect him from or intervene in this excessive use of force. Plaintiff also asserts that, on May 20, 2003, Defendant Simmons punched him in the stomach, slapped him, put a knife to Plaintiff's neck, and threatened to kill Plaintiff if he did not drop his grievances and stop causing problems. Plaintiff further asserts that Defendant Fair slapped him on the same date.

Doc. # 138 (R&R) at 2. Upon a defense motion for summary judgment, the Court (in its latest R&R adoption) dismissed (for lack of administrative exhaustion, etc.) claims against defendants Simmons, Fair, Madison, Dasher, Mobley, J. Smith, McNeal, and F. Wilson. Doc. # 138 at 7. Plaintiff's claims "detailing events which allegedly occurred on April 29, May 13, and May 20, 2003" were also dismissed. *Id., adopted,* doc. # 141. "As a result, Defendant McNeal [was] dismissed as a named Defendant in this case." Doc. # 141 at 1.

So, among the claims left pending for jury resolution on 9/18/07 are Lofton's

> claims that he was subjected to the excessive use of force on May 1, 2003, that Defendants J. Smith, Mobley, Simmons, Fair, Dasher, Madison, and F. Wilson either participated in or failed to intervene in this use of force incident, that Defendant Weaver denied him adequate medical care after this alleged excessive use of force incident, and that Defendants H. Smith, Dupree, and Brown are

---

[1] There have been multiple MJ Reports and Recommendations (R&R's) following successive waves of summary disposition motions by the defense. Doc. # 11, *adopted in part and rejected in part,* doc. # 17; # 110 (R&R), *adopted,* # 125; # 112 (R&R), *adopted,* # 126; # 114 (R&R), *adopted,* # 127; # 138 (R&R), *adopted,* # 141.

157

responsible for this alleged use of excessive force by their subordinates....

*Id.* at 2; *see also supra* n. 1 (earlier, largely adopted R&R's advising this Court to dismiss a variety of claims and defendants).

In motion # 146, Lofton seeks to F.R.Civ.P. 45(b)(1) subpoena "COII John Dent," evidently a prison official, who (according to Lofton) "tried unsuccessfully to get Lofton medical treatment after personally observing the extent of Lofton's physical injuries." *Id.* Dent, plaintiff says, in turn called a Sergeant John Reese to plaintiff's cellblock "to observe Lofton's injuries." *Id.*

As explained in *Eley v. Hayes,* 2007 WL 2462638 (S.D.Ga 8/27/07) (unpublished), *pro se* litigants "must make make a relevancy showing and tender F.R.Civ.P. 45 witness fees." *Id.* at * 1. Additionally, "[d]istrict courts do not have statutory authority to waive witness fees for indigent civil litigants ... and [28 U.S.C.] § 1915(d) does not authorize district courts to advance indigent civil litigants' witness fees...." *Shaw v. Dodson,* 2007 WL 2462637 at * 1 (S.D.Ga. 8/27/07) (unpublished) (cite omitted). Lofton tenders no fees here (even if he did, he could not serve them himself but must go through this Court, which then directs the U.S. Marshal[2]). Lofton's motion therefore is denied on these additional grounds.

The Georgia Department of Corrections has commendably cooperated in voluntarily furnishing employee witnesses for these trials, *see Smith Bey v. Gibson,* 2007 WL 778626 at * n. 5 (D.Colo. 3/9/07) (unpublished) (encouraging this to cut down on appellate issues and thus spare the State that expense), and it is in that spirit that the Court finds Dent arguably relevant to prove, inferentially, that Lofton was beaten -- a fact demonstrably relevant to his excessive force claim. Reese, too, is relevant, to corroborate the post-beating injury condition that plaintiff seeks to prove, so motion # 151 is granted to that extent. The Court is not *ordering* the defense (really, the State, which is furnishing the defense here) to produce these witnesses at trial, just encouraging it to do so -- if it still employs them. To that extent, then (*i.e.,* to the extent Lofton seeks judicial compulsion), these motions are denied.

Plaintiff next seeks to subpoena one "doctor John Cheatem," who Lofton claims to have

---

[2] This was explained in *Goodrick v. Kempf,* 2006 WL 1877044 (D. Idaho 7/6/06) (unpublished):

> Plaintiff submitted four proposed subpoenas to the Clerk of Court, requesting that they be served by the U.S. Marshal Service. An indigent party has no right to subpoena an unlimited number of witnesses. *Cookish v. Cunningham,* 787 F.2d 1, 5 (1st Cir.1986). If Plaintiff is seeking documents from nonparties, he can send a letter to them to determine whether they will provide the documents without a subpoena, and to determine the copying and transmittal fee. Title 28 U.S.C. § 1915(d) does not allow the court to waive fees paid to witnesses or for copying and mailing documents arising out of a subpoena, even if the litigants has [sic] been granted in forma pauperis status. *See McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir.1987) (indigent litigant must still pay witness fee to treating physician); *Malik v. Lavalley,* 994 F.2d 90 (2d Cir.1993) (per curiam)(indigent litigant must still pay witness fees for subpoena).

*Id.* at * 2.

# 149. Again, if this doctor is an employee, then the Court finds under *Smith Bey* that he is relevant and should be voluntarily produced (if he is an employee). Alternatively, the defense may obviate this expense, if it wants, by stipulating to Lofton's "medical fact" assertions.

Lofton also wants "Lieutenant Sandy Jackson" to testify "[t]hat on [5/1/03, he ] was present during some of the use of force cell extractions, and was informed that several inmates were in need of medical treatment, including Lofton; and provide testimony as to the instructions given to him by medical staff and his supervisors." Doc. # 150. This, too, states a basic relevancy showing and the Court again encourages "*Smith Bey*" production.

In contrast, this Court does have the authority to order inmate custodians to produce *inmate* witnesses. *See generally* 39 AM. JUR. 2D *Habeas Corpus* § 7 (July 2007) (footnotes omitted); 2 Mushlin, RIGHTS OF PRISONERS § 11:14 at 586 n. 30 (2007); *Spears v. Chandler*, 672 F.2d 834, 835 (11th Cir. 1982). The Court finds that the following inmate witnesses from doc. # 145 shall be produced at trial by the defense: Maliki Jenkins (witnessed the alleged 5/1/03 beating of Lofton); Terry Lucas (his leg was broken that day, heard Warden Smith make an inculpatory statement, and did not see Lofton brought for medical treatment); Antonio Moses (he also was beaten that day, similarly denied medical treatment), and Corey Coleman (witnessed the beating, too). Lofton has failed to provide locatability data for Jenkins and Coleman, but the State is directed to make a good faith effort to find and produce them.

There remains, however, the issue of inmate-transportation expense. This Court has previously held that inmate transport costs cannot be recovered under a F.R.Civ.P. 54 Bill of Costs filed by the defense after prevailing against an inmate. *Palmer v. Simmons*, 2007 WL 1052683 (S.D.Ga. 4/9/07) (unpublished).

At the same time, the Court sees no reason why inmates should not be subjected to the same litigation expenses as anyone else -- that concept, after all, was the intent of the Prison Litigation Reform Act of 1995, § 101(a). *See Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) (function of PLRA provisions at issue was not to place special burdens on prisoners, but to put them in same position as other litigants, and provisions did not prevent inmates from litigating claims); *Tafari v. Hues*, 473 F.3d 440, 443 (2nd Cir. 2007) (noting a PLRA provision's intent to force prisoners "to go through the same thought process non-inmates go through before filing a suit, *i.e.*, is filing this suit worth the costs?") (quotes and cite omitted); *Shabazz v. Franklin*, 2005 WL 550246 at * 7-8 (N.D.Tex. 3/8/05) (unpublished) (PLRA's general intent to "curb litigation abuse by inmates").

While this Court held in *Palmer* that inmate transport costs cannot be recovered under a F.R.Civ.P. 54 Bill of Costs filed by the defense after prevailing against an inmate, not argued in *Palmer* is a natural corollary: non-inmate litigants must bear Rule 45 witness-fee expenses, so why shouldn't inmates, except that such fees would go directly to the inmate-witness custodian (here, the State), in the same deferred-payment style as contemplated by the PLRA? The Rule 45-expenses could be sought thru the Rule 54 mechanism but awarded under Rule 45, even if *habeas corpus ad testificandum* writs (what this Court typically issues) are used as the implementing mechanism.[3] Should the

---

[3] *See Spears*, 672 F.2d at 835 ("It is well established that 28 U.S.C. § 2241(C)(5) expressly grants district courts

defense (as provided by the State in this case) prevail here, the Court therefore will consider such a request post-verdict for the inmate-witness, transport expense.

Finally, in motion # 147, Lofton seeks a copy of the inmate-extraction video (the prison officials evidently videotaped their extraction of him) as relevant to his case. The motion is granted, especially since the defense no doubt will use it at trial on its behalf in any event.

Accordingly, plaintiff Scourterrious Lofton's motions ## 146-151 are *GRANTED* **in part and** *DENIED* **in part.**

This 10th day of September, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

the power to issue the writ of *habeas corpus ad testificandum*").