FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 12 PM 2: 31

CLERK _M_
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

SCOURTERRIOUS LOFTON ,

    Plaintiff,

v.             604CV048

HUGH SMITH, *et al.*,

    Defendants.

## O R D E R

## I. BACKGROUND

42 U.S.C. § 1983 inmate-plaintiff Scourterrious Lofton moves, on the eve of the 9/18/07 trial of his excessive-force, civil rights case against various Georgia State Prison (GSP) officials, to exclude from evidence any mention of his criminal record. Doc. # 160.

To grasp what Lofton now seeks, it is worth pausing to recapitulate the Magistrate Judge's (MJ's) most recent summary[1] of his claims:

> Plaintiff contends that, on April 29, 2003, Defendant Simmons slapped him so hard it caused his lip to bleed as Defendant J. Smith watched. Plaintiff asserts that he was handcuffed and shackled by officers while Defendant Simmons cut him across the neck and lip on May 13, 2003, and that Defendants Dasher, Madison, Fair,

---

[1] There have been multiple MJ Reports and Recommendations (R&R's) following successive waves of summary disposition motions by the defense. Doc. # 11, *adopted in part and rejected in part*, doc. # 17; # 110 (R&R), *adopted*, # 125; # 112 (R&R), *adopted*, # 126; # 114 (R&R), *adopted*, # 127; # 138 (R&R), *adopted*, # 141.

> Mobley, McNeal, and F. Wilson did not protect him from or intervene in this excessive use of force. Plaintiff also asserts that, on May 20, 2003, Defendant Simmons punched him in the stomach, slapped him, put a knife to Plaintiff's neck, and threatened to kill Plaintiff if he did not drop his grievances and stop causing problems. Plaintiff further asserts that Defendant Fair slapped him on the same date.

Doc. # 138 (R&R) at 2. Due to additional litigation, the only issues left pending for jury resolution on 9/18/07 are Lofton's

> claims that he was subjected to the excessive use of force on May 1, 2003, that Defendants J. Smith, Mobley, Simmons, Fair, Dasher, Madison, and F . Wilson either participated in or failed to intervene in this use of force incident, that Defendant Weaver denied him adequate medical care after this alleged excessive use of force incident, and that Defendants H. Smith, Dupree, and Brown are responsible for this alleged use of excessive force by their subordinates....

*Id.* at 2; *see also supra* n. 1 (earlier, largely adopted R&Rs advising this Court to dismiss a variety of claims and defendants).

## II. ANALYSIS

### A. Lofton's Prior Convictions

Lofton argues that, since his robbery, rape

and kidnapping conviction is more than 10 years old and involves violence rather than dishonesty -- some courts say that only dishonesty-based crimes are relevant to witness credibility -- the defendants should not be able to bring this up at trial. Doc. # 161 at 2-3.

Lofton thus seeks to exploit the 2006 change in F.R.Evid. 609, which is summarized here:

> Except for crimes involving dishonesty or false statements (Rule 609(a)(2)), a district court must engage in a balancing test when deciding whether to admit prior convictions. The standards for witnesses and defendants are not identical (although each requires that convictions carry a sentence of more than one year and be less than ten years old). To admit a defendant's conviction, its probative value *must* outweigh its prejudicial effect. Rule 609; *United States v. Fawley*, 137 F.3d 458, 473 (7th Cir.1998). For a *witness*, a prior conviction comes in if its probative value is not substantially outweighed by the danger of unfair prejudice. Rules 403 and 609.

*U.S. v. Peters*, 2007 WL 1646057 at * 6 (7th Cir. 6/7/07) (unpublished) (emphasis added); *see also Therrien v. Town of Jay*, 489 F.Supp.2d 113, 114-15 (D.Me. 2007). Within that framework is the "dishonesty" dividing line:

> Where the crime "involved dishonesty or false statement, regardless of the punishment," Rule 609 admits evidence of the conviction *without any* balancing test. FRE 609(a) (2). *In McHenry v. Chadwick* 896 F.2d 184 (6th Cir.1990), the court explained that, under Rule 609(a)(2), "[a]lthough evidentiary issues are generally within the broad discretion

of the trial judge, the admission of prior convictions involving dishonesty is not," even if the conviction was for a misdemeanor. 896 F.2d at 189.

*U.S. v. Mamdouh*, 2007 WL 1556668 at * 1 (E.D.Mich. 5/30/07) (unpublished) ("An unauthorized recording for commercial advantage or private financial gain is as inauthentic and misrepresentative as counterfeit money is. It is, at its core, dishonest and a pretender to the real thing. Because Defendant's conviction involved dishonesty or false statement, it is therefore admissible under Rule 609(a)(2)") (quotes, cite and footnote omitted).

Here Lofton has a point *if* his representations are true. Some of his crimes may *not* fall into the "dishonesty" zone and may in fact be more than ten years old. *See, e.g., Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (prisoner's § 1983 action against correction officials -- the murder conviction for which he had been released on parole more than ten years prior to trial was not admissible for impeachment).

So, defendants must proceed at trial mindful of this rule and, although the Court for the moment denies motion # 160, Lofton may renew his objection at trial if and when defendants seek to impeach him or otherwise present the jury with evidence of his prior convictions. In that regard, a Rule 609(a)

> impeachment of a witness with a prior conviction is "usually limited to the essential facts of the conviction rather than the surrounding details of the conviction." *Id.* But a consensus has emerged among courts that a greater inquiry into the essential facts surrounding the conviction is permitted where the witness opened the door to additional inquiry by attempting to

"explain away" the conviction or minimize its significance. *See United States v. Swanson*, 9 F.3d 1354, 1358 (8th Cir.1993) (permitting cross-examination into details of defendant's guilty plea where he testified as to the detailed circumstances on direct); *United States v. Robinson*, 8 F.3d 398, 410 (7th Cir.1993) (allowing prosecutors to delve into details of a conviction only after defendants do "much more" than admit having a prior conviction); *United States v. Butler*, 924 F.2d 1124, 1131 (D.C.Cir.1991) (allowing prosecutor to impeach defendant's attempts on direct examination to minimize his prior conviction).

*Tri-State Hosp. Supply, Inc. v. U.S.*, 471 F.Supp.2d 170, 174 (D.D.C. 2007). So, if one of Lofton's convictions can be admitted under the Rule, and he admits his conviction unequivocally, the Court will bar any inquiry into the circumstances of his conviction. Conversely, quibbling may be costly.

Having said all that, the Court nevertheless will allow defendants to inquire of Lofton how long his sentence is and for how long he has been in prison. These facts are relevant to the jury's assessment of Lofton's mindset -- "long termers," for example, may be thought to be suffused with a different propensity for violence than "short-termers."

## B. Lofton's Prison Disciplinary Record

Lofton next seeks to exclude from trial any mention of his prison disciplinary record, including assault on an officer, attempted escape, and "prior possession of a weapon charge...." Doc. # 161 at 3. Here it is worth pausing to review defendants' factual recitation from their 9/6/07 proposed Pretrial Order:

On [5/1/03], the Plaintiff refused several direct orders to prepare for his cell to be searched for weapons and other contraband. Therefore , at the direction of Captain Johnny Smith, CERT team members Mobley, Simmons, Fair, Dasher, and Madison entered his cell and secured the Plaintiff so his cell could be safely searched. Defendants Mobley, Simmons, Fair, Dasher, and Madison used only that degree of force necessary to safely secure the Plaintiff, who did not incur any significant injuries from this cell extraction. At no time prior to [5/1/03] have correctional officers at Georgia State Prison routinely used unnecessary force upon inmates, and at no time prior to [5/1/03] did Defendants Hugh Smith, Fred Brown or Steve Dupree have any reason to believe that correctional officers at Georgia State Prison may have been routinely using unnecessary force on inmates.

Doc. # 158 at 3-4.

Lofton's prison disciplinary record is demonstrably relevant and admissible under F.R.Evid. 404(b), [2] in that he claims excessive

---

[2] In relevant part Rule 404(b) provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* In this Circuit, a party seeking to admit evidence of other wrongs must satisfy a three-pronged test, to-wit: (1) the evidence must be relevant to an issue other than the adverse party's

force was used against him and the defendants obviously deny this, will insist that he himself is violent, and naturally will want to cite any violence-laden prison-discipline record to corroborate that claim.

Evidently recognizing this, Lofton alternatively argues that nevertheless it is too prejudicial and thus, once this Court balances that prejudice against relevance under F.R.Evid. 403,[3] it will agree with Lofton that it should be excluded. Doc. # 161 at 4 (citing, *inter alia*, *Eng*, 146 F.R.D. at 74, 78-79 (In § 1983 action by prisoner against correction officials, evidence of prisoner's conviction for attempted escape was not admissible; conviction was completed more than ten years prior to trial and was not type of crime which was especially indicative of untruthfulness)).

The Court does not agree with Lofton, who can also face such evidence if he opens the door to it (*e.g.*, by testifying as to his good, placid character in prison). *See Phillips*, 2007 WL

2310038 at * 5 (discussing this under F.R.Evid. 404(a) and 405(b)). Prison officials must routinely employ force against inmates, especially those prone to violence. They are entitled to take a variety of factors into account before swinging the proverbial stick, including their knowledge of an inmate's violent history, whether he has tried to escape, etc. For that matter, Lofton is not citing a court-record-based conviction for escape, but rather the prison's own disciplinary records. The two are distinguishable, and the Court will hear more on this should it surface at trial.

### III. CONCLUSION

Accordingly, the Court **DENIES** plaintiff Scourterrious Lofton's motion *in limine* (doc. # 160) without prejudice to his right to re-raise the above-identified portions of it at trial.

This 12 day of September, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s); and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must otherwise satisfy Rule 403.

*Phillips v. Irvin*, 2007 WL 2310038 at * 2 *2 (S.D.Ala. 7/27/07) (unpublished).

[3] A district court has discretion to exclude Rule 404(b)-admissible evidence as too prejudicial, Rule 403, but that discretion is narrowly circumscribed. Rule 403 is, after all, "an extraordinary remedy[,] which should be used only sparingly," so the balance "should be struck in favor of admissibility." *U.S. v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (citation omitted).